IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN KOVACIK, | ) | |
| Plaintiff, | ) | Civil Action No. 15-960 |
| | ) | |
| v. | ) | Magistrate Judge Robert C. Mitchell |
| | ) | |
| PNC BANK, N.A., | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION[1]

ROBERT C. MITCHELL, United States Magistrate Judge.

### I. INTRODUCTION

Presently before the Court is Defendant PNC Bank N.A.'s motion to dismiss Plaintiff John Kovacik's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, Defendant's motion to dismiss is granted and this Court will not exercise jurisdiction over the state law claims.

### II. BACKGROUND

The following facts are taken as true for purposes of this motion.

On or about May 10, 2000, Plaintiff and Defendant PNC Bank's predecessor in interest, National City Bank, entered into a Private Line of Credit Agreement ("Agreement") that established a private line of credit for Plaintiff's use. The line of credit established provided Plaintiff with a credit limit of $200,000.00. The Agreement provided for minimum required monthly payments which routinely totaled less than $400.00. Plaintiff allowed Defendant to automatically deduct the sum of $450.00 from a separate account maintained by Plaintiff each month and apply it to the balance owed on the private line of credit.

---

[1] All parties have consented to jurisdiction before a United States Magistrate Judge; therefore the Court has the authority to decide dispositive motions, and to eventually enter final judgment. *See* 28 U.S.C. § 636, *et seq.*

The Agreement included the following provisions:

**2. AGREEMENT TO TERMS**. We have established a Private Line at your request. You agree to all the terms of this Agreement and you will be obligated by this Agreement.

. . .

**14. WE HAVE THE RIGHT TO SUSPEND OR CANCEL YOUR PRIVATE LINE**. We may suspend your use of your Checks at any time for any reason, subject to any restrictions under applicable law. We may also cancel your Private Line at any time for any reason, subject to any restrictions under applicable law. You can not use a Check or any other means to obtain Advances after we terminate your Private Line.

**15. DEFAULT**. If you become insolvent or bankrupt, are declared legally incapacitated, die, exceed your Credit Limit, or if you fail to make any payment due under this Agreement by the due date, or if you default on an obligation of yours to us or if we in good faith believe you will not be able to meet the repayment requirements due to an adverse change in your financial circumstances, then you will be in default, subject to any restrictions under applicable law. If you are in default, we may immediately suspend your use of the Private Line and you must immediately pay in full all amounts due, subject to any restrictions under applicable law.

. . .

**17. CHANGES IN THIS AGREEMENT**. You agree that we may change at any time the terms of this Agreement including the finance charges and annual percentage rates. We will notify you of the changes by sending a letter (or a copy of the changes) to you at your address shown on our records. The notice will tell you when and how the changes will take effect, and you agree that the changes will take effect on the date stated in the notice. The changes apply to new Advances and to all amounts you already owe us.

. . .

**19. WE MAY TRANSFER YOUR PRIVATE LINE**. We may transfer your Private Line and our rights under this Agreement to another person or company. That person or company will take our place in this Agreement. You must pay them the amount you owe

>(instead of paying us) if they ask you. You may not transfer your Private Line or your rights under this Agreement to any person or company.

Private Line of Credit Agreement – Multi-State [ECF No. 1-5] ¶¶ 2, 14-15, 17, 19. After PNC Bank acquired National City, PNC Bank became party to the Agreement.

On June 26, 2014, Defendant sent Plaintiff a letter stating its intent to cancel and terminate Plaintiff's line of credit account as of October 31, 2014 because it no longer serviced interest-only payment personal lines of credit that did not have maturity dates, and further indicated that any outstanding balance would be due and payable in full on the termination date. At that time, Plaintiff's balance was in excess of $140,000. The letter directed that Plaintiff contact Defendant to refinance the balance of the line of credit or to pay the balance in full by October 31, 2014. At no time prior to the issuance of the letter was Plaintiff in default, nor had Plaintiff committed an act of default as defined in the Agreement. After the termination date, Defendant stopped collecting automatic withdrawal payments from Plaintiff and demanded the payment of the entire remaining balance plus fees and interest accrued in the amount of $153,255.37.

Plaintiff brought suit in the Court of Common Pleas of Allegheny County, Pennsylvania alleging violations of the Truth in Lending Act, ("TILA") 15 U.S.C. § 1601 *et seq.,* the Fair Debt Collection Practices Act, ("FDCPA") 15 U.S.C. § 1692, *et seq*. and a state law breach of contract claim. Defendants timely removed the action to this Court and filed a motion to dismiss the claims against it for failure to state a claim. Defendant generally argues that Plaintiff's complaint should be dismissed because he cannot maintain a cause of action under the FDCPA because Defendant is a creditor, the Agreement at issue is exempt from the TILA and finally that Defendant did not breach the agreement.

## III. STANDARD OF REVIEW

To survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The reviewing court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper where the factual allegations of the complaint conceivably fail to raise, directly or inferentially, the material elements necessary to obtain relief under a legal theory of recovery. *Twombly*, 550 U.S. at 561 (citations omitted). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. at 555). The factual and legal elements of a claim should be separated, with the court accepting all well-pleaded facts as true and disregarding all legal conclusions. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130-31 (3d Cir. 2010). Under this standard, civil complaints "must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal quotations omitted). A court in making this determination must ask "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." *Twombly*, 550 U.S. at 583 (quoting *Scheuer v. Rhoads*, 416 U.S. 232, 236 (1974) (internal quotations omitted)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may take into consideration "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record" as well as "undisputedly authentic document[s]

that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc*., 998 F.2d 1192, 1196 (3d Cir. 1993). Although a district court may not generally consider matters extraneous to pleadings when ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), it may consider documents <u>integral to or explicitly relied upon</u> in a complaint without converting the motion to dismiss into a motion for summary judgment. *West Penn Allegheny Health Sys., Inc. v. UPMC*, 627 F.3d 85, 97 (3d Cir. 2010); *In re Burlington Coat Factory Sec. Litig*., 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis added). Accordingly, the Court may take into consideration the Private Line of Credit Agreement, letters from the Defendant to Plaintiff, as well as the FDIC report indicating National City Bank's merger into PNC without converting Defendant's motion into one for summary judgment, as the authenticity of these documents are undisputed and integral to Plaintiff's claims.

## IV. DISCUSSION

### a. <u>Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*</u>

First, Defendant argues that Plaintiff cannot maintain a cause of action under the FDCPA because PNC Bank is a creditor and the FDCPA applies only to debt collectors. Plaintiff responds that because PNC acquired the right to collect the amount due under the agreement, PNC Bank falls into a category of a "debt collector." Further, Plaintiff responds that he has not alleged that the debt was in default at any time. Plaintiff's argument misapplies the FDCPA and is rejected.

Courts have consistently held that the FDCPA applies "only to debt collectors." *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000). "Creditors – as opposed to debt collectors – generally are not subject to the FDCPA." *Id. See also F.T.C. v. Check Investors, Inc.*,

502 F.3d 159, 173 (3d Cir. 2007) (entities subject to the FDCPA are "independent debt collectors" and not creditors). "Debt collector" is defined as one who attempts to collect debt "owed or due or asserted to be owed or due another." 15 U.S.C. § 1692(a)(6). By contrast, a "creditor" is one who "offers or extends to offer credit creating a debt or to whom a debt is owed." 15 U.S.C. § 1692a(4). Thus, creditors are those "who collect in their own name as opposed to debt collectors who are third party collectors of past due debts." *Check Investors, Inc.*, 502 F.3d at 173. Simply put, the FDCPA "does not apply to persons or businesses collecting debts on their own behalf." *Pollice,* 225 F.3d at 403 (quoting *Staub v. Harris*, 626 F.2d 275, 277 (3d Cir. 1980)). In circumstances where the creditor assigns its obligation under an agreement, the assignee is only considered a debt collector for purposes of the FDCPA if the debt is in default before the assignment. *Pollice*, 225 F.3d at 403 ("an assignee of an obligation is not a 'debt collector' if the obligation is not in default at the time of the assignment[.]").

Here, PNC Bank is a creditor and not a debt collector under the FDCPA. As alleged in the complaint, Plaintiff entered into the Agreement with National City Bank, who later merged into PNC Bank in November 2009. With that merger, PNC Bank acquired all "rights, liabilities and obligations of National City Bank" with respect to the Agreement. Compl. [ECF No. 1-5] at ¶ 6. Plaintiff alleges that he was not in default under the Agreement at any time. PNC Bank at all times was collecting a debt on its own behalf. To the extent that the debt was "assigned to PNC through its merger with National City Bank, Plaintiff alleges that the loan was not in default at any time, much less in default prior to the PNC/National City Bank merger. Also to the extent that Plaintiff's loan is presently in default, Plaintiff does not allege that it was in default at the time of the 2009 merger, nor does he allege that PNC Bank was a third party attempting to collect a debt on behalf of another. As such, the FDCPA does not apply to

creditors such as Defendant, and Plaintiff's FDCPA claim is dismissed with prejudice.

    b. <u>Truth In Lending Act, 15 U.S.C. § 1601 *et seq.*</u>

Next, PNC argues that Plaintiff cannot state a claim under the Truth in Lending Act because the Agreement is exempt from the Act, as it involved a credit transaction without a security interest in real property and exceeded $54,600. *See* 15 U.S.C. § 1603(3). Plaintiff does not respond to this argument.

Pursuant to 15 U.S.C. § 1603(3), TILA does not apply to "[c]redit transactions, other than those in which a security interest is or will be acquired in real property . . . in which the total amount financed exceeds $50,000." 15 U.S.C.A. § 1603(3). Under the applicable regulations, the statutory amount is increased for inflation and effective January 1, 2015, credit transactions exceeding $54,600 are exempt from TILA. 12 C.F.R. §226.3(b)(1)(ii); Federal Register/Vol. 79, No. 183, September 22, 2014, Rules and Regulations 56483.

Here, the Agreement is clearly exempt from the TILA. The Agreement was in excess of $54,600, as the original amount borrowed was $200,000 and the present balance sought by PNC is in excess of $140,000. Additionally, the Agreement was not secured by any interest in real property. Accordingly, PNC's motion to dismiss the TILA claim is granted, and Plaintiff's TILA claim is dismissed with prejudice. *See Antanuos v. First Nat. Bank of Arizona*, 508 F. Supp. 2d 466, 470-72 (E.D. Va. 2007) (no TILA violation where the amount financed exceeded the statutory maximum and was not secured by an interest in personal property).

    c. <u>Breach Of Contract</u>

Because Plaintiff's FDCPA and TILA claims fail to state a claim upon which relief may be granted, the only remaining claim is Plaintiff's state law breach of contract claim. While federal district courts have supplemental jurisdiction "over all other claims that are so related to

claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States constitution," 28 U.S.C. § 1367(a), a district court may "decline to exercise supplemental jurisdiction over a [state law] claim . . . if [it] has dismissed all claims over which it has original jurisdiction[.]" *Bonenberger v. Plymouth Twp.*, 132 F.3d 20, 23 (3d Cir. 1997) (quoting 28 U.S.C. § 1367(c)(3)). Further, "where federal claims are dismissed before trial, the district court 'must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so.'" *Bonenberger*, 132 F.3d at 23 (quoting *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995)).

Here, Plaintiff never posited a viable federal claim or basis for federal jurisdiction over the instant matter. Additionally, no discovery has occurred and no answer has been filed, therefore there is no affirmative justification for this Court to exercise jurisdiction over the remaining state law claims. Accordingly, such claims are dismissed without prejudice for Plaintiff to reassert in state court. *See Englert v. City of McKeesport*, 872 F.2d 1144, 1153 (3d Cir. 1989).

V. **CONCLUSION**

Based on the foregoing, Defendant PNC Bank N.A.'s motion to dismiss is granted and Plaintiff's Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.,* claim and Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, claim are dismissed with prejudice. Additionally, Plaintiff's remaining state law breach of contract claim is dismissed without prejudice to reassert in state court.

/s Robert C. Mitchell
ROBERT C. MITCHELL
United States Magistrate Judge

Dated: September 9, 2015

cc: *Counsel for Plaintiff*
Edward J. Balzarini, Jr.
Laura Elizabeth Balzarini
Balzarini & Watson
3303 Grant Building
Pittsburgh, PA 15219

*Counsel for Defendant*
Lyle D. Washowich
Burns White LLC
106 Isabella Street
Pittsburgh, PA 15212

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN KOVACIK, | ) | |
|     Plaintiff, | ) | Civil Action No. 15-960 |
| | ) | |
| v. | ) | Magistrate Judge Robert C. Mitchell |
| | ) | |
| PNC BANK, N.A., | ) | |
|     Defendant. | ) | |

## **O R D E R**

AND NOW, this 9th day of September, 2015, it is HEREBY ORDERED as follows:

Defendant PNC Bank N.A.'s Motion to Dismiss [ECF No. 2] is granted;

Plaintiff's Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.,* claim and Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, claim are dismissed with prejudice;

Plaintiff's remaining state law breach of contract claim is dismissed without prejudice to reassert in state court;

IT IS FURTHER ORDERED that the Clerk of Court mark this CASE CLOSED.

                                                By the Court,

                                                /s Robert C. Mitchell
                                                ROBERT C. MITCHELL
                                                United States Magistrate Judge

cc:    *Counsel for Plaintiff*
        Edward J. Balzarini, Jr.
        Laura Elizabeth Balzarini
        Balzarini & Watson
        3303 Grant Building
        Pittsburgh, PA 15219

        *Counsel for Defendant*
        Lyle D. Washowich
        Burns White LLC
        106 Isabella Street
        Pittsburgh, PA 15212